J-S28028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD ZIPP, | |
| Appellant | No. 1994 MDA 2014 |

Appeal from the PCRA Order entered October 14, 2014,
in the Court of Common Pleas of Schuylkill County,
Criminal Division, at No(s): CP-54-CR-0000115-2011

BEFORE: BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MAY 07, 2015**

Edward Zipp ("Appellant") appeals from the order denying as untimely his first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The case history is as follows: On December 21, 2011, Appellant entered a negotiated guilty plea to one count of criminal conspiracy, one count of possession with intent to deliver a controlled substance (morphine), and one count of criminal use of a communication facility. In return, the Commonwealth withdrew all of the remaining charges. That same day, the trial court sentenced Appellant, in accordance with the negotiated plea agreement, to an aggregate term of six to twelve years of incarceration. Appellant did not file a direct appeal.

On September 5, 2014, Appellant filed a *pro se* "Petitioner's Nunc Pro Tunc Petition for Post Conviction Relief." The PCRA court appointed counsel to assist Appellant. On September 9, 2014, the PCRA court issued a rule to show cause upon the Commonwealth to show why an evidentiary hearing should not be granted. On September 22, 2014, the Commonwealth filed its response, in which it asserted that Appellant's PCRA petition was facially untimely, and that Appellant had not averred facts to support an exception to the PCRA's time bar. On September 23, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a timely response. By order entered October 14, 2014, the PCRA court dismissed Appellant's PCRA petition. In doing so, the PCRA court noted that Appellant's petition was untimely, that he failed to aver sufficient facts to support an exception to the PCRA's time restrictions, and that the claims Appellant raised were meritless. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a

hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that his petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must

"be filed within sixty days of the date the claim first could have been presented." **Gamboa-Taylor**, 753 A.2d at 783. **See also** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on January 20, 2012, thirty days after the time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his PCRA petition by January 20, 2013, in order for it to be timely. As Appellant filed his petition on September 5, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Indeed, within his original PCRA petition, as well as a supplement, Appellant did not proffer the applicability of any time-bar exception. **Burton**, **supra**. Thus, the PCRA court properly determined that it lacked jurisdiction to consider Appellant's substantive issues, and we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2015